FILED
2013 Dec-03  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION (HUNTSVILLE DIVISION)

| | | |
|---|---|---|
| **TIFFANY LANDERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | |
| **TOYOTA MOTOR** | ) | |
| **MANUFACTURING, ALABAMA,** | ) | |
| **INC., AND  COAST PERSONNEL** | ) | **JURY DEMAND** |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## I.   INTRODUCTION

1.    This is an action for legal and equitable relief to redress unlawful harassment on the basis of sex, and retaliation against the plaintiff for engaging in federally protected activity.  The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000 *et seq.* (hereinafter "Title VII").  The plaintiff also asserts claims under Alabama law for assault and battery, invasion of privacy, intentional infliction of emotional distress, and negligent and/or wanton hiring, training, supervision, and retention. The plaintiff requests a trial by jury of all issues triable to a jury.

II.   **JURISDICTION**

2.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.  Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. § 1367.

3.      All of the unlawful employment practices challenged in this action occurred in Madison County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

III.   **ADMINISTRATIVE PREREQUISITES**

4.      The plaintiff has met all administrative conditions precedent for filing this case under Title VII, including filing a timely EEOC charge on May 17, 2013, attached hereto as Exhibit A, and filing this lawsuit within ninety days of receiving the *Dismissals and Notice of Rights*, which were issued on August 30, 2013 and received on September 4, 2013, attached hereto as Exhibits B and C.

IV.   **PARTIES**

5.      Plaintiff Tiffany Landers is a female citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters herein a resident citizen of the State of Alabama.

6.      The Defendant, Toyota Motor Manufacturing, Alabama, Inc., was a joint employer of the plaintiff during the time period pertinent to this lawsuit.  This

defendant employs more than one hundred and fifty (150) people and thus is an "employer" for Title VII purposes.

7.     The Defendant, Coast Personnel Services, Inc., was a joint employer of the plaintiff during the time period pertinent to this lawsuit. This defendant employs more than twenty-five (25) people and thus is an "employer" for Title VII purposes.

## V.     STATEMENT OF FACTS

8.     The plaintiff re-alleges and incorporates by reference paragraphs 1-7 above with the same force and effect as if fully set out in specific detail hereinbelow.

9.     Plaintiff, female, began working through Coast Personnel Services, Inc. (hereinafter "Coast") on site for Toyota Motor Manufacturing, Alabama, Inc. (hereinafter "TMMA") on or about April 2011.

10.     Plaintiff was the only female on her team besides a single female group leader.

11.     Craig Sivley, male, was Plaintiff's trainer, and Kevin Thompson, male, was a co-worker. These two males sexually harassed plaintiff every day that she worked, from the beginning of her employment until her constructive discharge.

12.     Sivley frequently made comments of a sexually hostile and discriminatory nature, such as, "I don't understand why they even put women in the workplace" and "do you know how to take your panties off without taking your shorts off." Sivley also told her there was something about her that he was attracted to, and Sivley followed her around on more than one occasion. He made sexual comments to her every day that she worked.

13.     Sivley contrived to find ways to touch Plaintiff. He touched her without her permission about once every other week.

14.     Thompson announced to the other males on the team that he would do anything he could to get Plaintiff knocked out of a job.

15.     Sivley and Thompson started spreading rumors that Plaintiff was having a sexual relationship with a male co-worker, Jarvis, and even contacted Jarvis's wife to tell her Jarvis was having an affair with the Plaintiff.

16.     Plaintiff complained to Tonya at Coast about the sexual harassment and rumors started by her male supervisor and co-worker. Tonya told Plaintiff, "don't you think you are being too sensitive because you are a woman."

17.     Plaintiff made multiple complaints to Coast and TMMA, but was always told that there was no proof to support her complaints. Plaintiff offered evidence to Tonya at Coast in the form of recordings of comments made to her by

Sivley, but Tonya told her not to tell anyone at TMMA about it, and did not want to hear the recordings.

18.     Coast representative Josh told Plaintiff that she was considered a troublemaker because she kept making complaints about the sexual harassment at her workplace.

19.     On or about November 22, 2012, Sivley came up behind Plaintiff and rubbed the side of his body against Plaintiff, grabbing her bottom with his hand.

20.     Plaintiff immediately went to Coast human resources and complained to Tonya and Lori about the physical sexual contact Sivley had made with her.

21.     When Plaintiff went to lunch on or about Saturday, November 24, 2012, Sivley and another male co-worker got in another vehicle and followed Plaintiff's vehicle out of defendant's parking lot. Sivley proceeded to tailgate Plaintiff, and as she tried to get away from him, their speed exceeded 70 mph, with Sivley's car was less than a car length behind her. Plaintiff feared for her personal safety while being tailgated by Sivley.

22.     On or about November 28, 2012, Plaintiff turned in her letter of resignation. Plaintiff had no choice but to resign because the employers had done nothing in response to her complaints, and the sexual harassment and retaliation for complaining had escalated to the point she was frightened to return to work.

23.     Plaintiff could no longer tolerate the hostile work environment, the sexual harassment, the discrimination and the companies' failure to put a stop to it despite numerous complaints, and was constructively discharged. Plaintiff's last day worked was December 4, 2012.

24.     Sivley's and Thompson's harassment of Plaintiff was pervasive, open, and obvious.

25.     Subsequent to Plaintiff's refusal of their sexual advances and complaints to human resources, the Defendants retaliated against her, including chasing her in a vehicle, and forcing her constructive discharge.

26.     Management of the Defendants had actual and constructive knowledge of Sivley's and Thompson's harassment of the plaintiff, yet failed to take prompt and effective remedial action.   Defendants' actions amount to ratification of Sivley's and Thompson's actions.

27.     The actions of the Defendants, including retaliation, were done with malice and/or reckless disregard for the federally protected rights of the Plaintiff.

28.     As a result of the Defendants' actions, Plaintiff suffered emotional distress, mental anguish, embarrassment, humiliation, inconvenience, loss of enjoyment of life and loss of income, earnings and benefits.

## VI.    CAUSES OF ACTION

### COUNT ONE
### SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

29.    The plaintiff re-alleges and incorporates by reference paragraphs 1-28 above with the same force and effect as if fully set out in specific detail hereinbelow.

30.    Sivley's and Thompson's sexual harassment of the plaintiff was unwelcome and was severe and pervasive enough to adversely affect the terms and conditions of her employment.

31.    The defendant is vicariously liable for their harassment because Sivley was a member of management, and was the plaintiff's supervisor charged with investigating and implementing the defendant's harassment policy.  Further, the defendant knew or should have known of Sivley's harassment of the plaintiff and/or his proclivity for sexually harassing female employees, and did not take prompt, effective remedial action.  Therefore, the defendant is liable for violating the proscription against discrimination on the basis of sex found in Title VII.

### COUNT TWO
### RETALIATION  IN VIOLATION OF TITLE VII

32.    The plaintiff re-alleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail hereinbelow.

33.    Sivley, Thompson, and others retaliated against the plaintiff after she engaged in federally protected activity, adversely affecting the terms and conditions of her employment including failure to enforce the company's anti-discrimination/harassment policy, harassment, and constructive discharge.

34.    The defendant is vicariously liable for retaliation because Sivley was the plaintiff's supervisor charged with investigating and implementing the defendant's harassment policy.  Further, the defendant knew or should have known of Sivley's harassment of the plaintiff and/or his proclivity for sexually harassing female employees, and did not take prompt, effective remedial action.  Therefore, the defendant is liable for violating the proscription against discrimination on the basis of sex found in Title VII.

## COUNT THREE
## ASSAULT AND BATTERY

35.    The plaintiff re-alleges and incorporates by reference paragraphs 1-34 above with the same force and effect as if fully set out in specific detail hereinbelow.

36.    This is a claim arising under the law of the State of Alabama to redress Sivley's assault and battery against the plaintiff and the defendants' ratification of that conduct.

37.    Sivley physically assaulted and battered plaintiff when he physically touched and groped her at the workplace.

38.     Such conduct proximately caused the plaintiff to suffer physical and emotional distress and trauma, for which she claims compensatory and punitive damages from the defendant.

39.     The defendants condoned, authorized, and/or ratified Sivley's conduct because they knew of the assault and battery of the plaintiff, and failed or refused to adequately remedy Sivley's conduct.

## COUNT FOUR
## INVASION OF PRIVACY

40.     The plaintiff re-alleges and incorporates by reference paragraphs 1-39 above with the same force and effect as if fully set out in specific detail hereinbelow.

41.     This is a claim arising under the law of the State of Alabama to redress violations by Sivley of the plaintiff's right to privacy and the defendants' ratification of that conduct.

42.     The conduct of Sivley, as set out above, was an invasion of the plaintiff's privacy and proximately caused the plaintiff to suffer emotional distress and trauma for which she claims compensatory and punitive damages from the defendants.

43.     The defendants condoned, authorized and/or ratified Sivley's conduct because it knew or should have known of the continuing invasion of privacy of the plaintiff and/or other females and failed to adequately remedy Sivley's conduct.

## COUNT FIVE
## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING

44.    The plaintiff re-alleges and incorporates by reference paragraphs 1-43 above with the same force and effect as if fully set out in specific detail hereinbelow.

45.    This is a claim arising under the law of the State of Alabama to redress the defendants' negligent hiring, retention, training and supervision of Sivley, Thompson, Josh, Tonya, and others.

46.    By not conducting a background check or checking references, defendants negligently hired Sivley, Thompson, and others, which proximately caused Sivley's, Thompson's, and others' harassment of plaintiff.

47.    By conducting no sexual harassment training, the defendants negligently failed to train Sivley, Thompson, Josh, Tonya, and other employees adequately on the subject of sexual harassment, which proximately caused Sivley's and Thompson's harassment of the plaintiff.

48.    The defendants negligently failed to supervise Sivley, Thompson, Josh, Tonya, and others adequately, which proximately caused Sivley's and Thompson's harassment of the plaintiff.

49.    The defendants negligently failed to terminate Sivley, Thompson, and others, after receiving actual and constructive notice of Sivley's and Thompson's

proclivity for harassing female employees, and failed to terminate Josh, Tonya, and others for their failure to enforce defendants' anti-harassment policy, which proximately caused the harassment and constructive discharge of the plaintiff.

50.     The defendants knew or should have known that Sivley, Thompson, Josh, Tonya, and others, were unfit to act as its agents and employees and defendants directed, aided, participated, authorized or ratified the conduct of Sivley, Thompson, Josh, Tonya, and others, or the acts of Sivley, Thompson, Josh, and Tonya and others were calculated to or did benefit defendants.

51.     Sivley's and Thompson's harassment of the plaintiff, and Josh's and Tonya's failure to provide her with a safe workplace, have caused plaintiff great emotional distress and trauma for which she seeks compensatory and punitive damage against the defendants.

## VII.   PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant the plaintiff a declaratory judgment holding that the actions of the defendants described hereinabove violated and continue to violate the rights of the plaintiff as secured by Title VII.

2.     Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with

these defendants and on these defendants' behalves from continuing to violate Title VII.

3.      Issue an injunction ordering the defendants not to engage in sexual harassment or retaliation, and ordering the defendants to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct, and to abide by and to enforce said policies and procedures.

4.      Grant the plaintiff an order requiring the defendants to make the plaintiff whole by awarding her backpay (plus interest), and by awarding her compensatory, punitive, and/or nominal damages.

5.      The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,


s/Michael E. Auffenorde
MICHAEL E. AUFFENORDE
Attorney for Plaintiff

OF COUNSEL:
AUFFENORDE & AUFFENORDE, P.C.
511 Madison Street
Huntsville, Alabama 35801
(256) 533-5383
(256) 533-4833 facsimile
aalaw@bellsouth.net

**PLAINTIFF DEMANDS TRIAL STRUCK BY JURY
ON ALL ISSUES TRIABLE TO A JURY**

s/Michael E. Auffenorde
MICHAEL E. AUFFENORDE

DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:

Toyota Motor Manufacturing, Alabama, Inc.
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

Coast Personnel Services, Inc.
c/o Beth Williams
12021 S. Memorial Pkwy
Huntsville, Alabama 35803

Coast Personnel Services, Inc.
Larry Bunker, President
2295 De Le Cruz Blvd.
Santa Clara, CA 95050

PLAINTIFF'S ADDRESS:

Tiffany Landers
c/o Michael E. Auffenorde
AUFFENORDE & AUFFENORDE, P.C.
511 Madison Street
Huntsville, AL  35801

13